ANDREW MILLER, plaintiff in error, v. ABEL DOBSON, defendant in error.

### Error to Madison.

A. sued B. in an action of *replevin*, to recover the possession of certain goods. B. avowed the taking of the goods as sheriff by virtue of a writ of attachment in favor of C. and against D., and also pleaded property in D. A. replied property in himself and not in D., and on the trial offered to prove by D. a sale from D. to him. A. objected to his competency as a witness, but the Court overruled the objection, and the witness was sworn and testified: *Held*, that the objection was properly overruled.

The provision of the "*Act to amend an Act regulating the mode of trying the right of property*," approved January 30, 1835, excluding the defendant in execution from being a witness is confined exclusively to the trials of the right of property under this Act and that to which it is an amendment, and cannot be extended by construction to cases arising under any other statute.

Where no exception is taken in the Circuit Court to the overruling of a motion for a new trial, the correctness of such decision cannot be inquired into in the appellate Court.

REPLEVIN, in the Madison Circuit Court, brought by the defendant in error against the plaintiff in error. The cause was submitted to a jury, who found a verdict for the plaintiff below. The case is sufficiently stated in the Opinion of the Court.

*E. Keating*, for the plaintiff in error :

1. The common law rule of evidence has been changed by statute. Gale's Stat. 588.

2. Every statute should be so construed as to give effect to the intention of the law-makers, and the spirit of the law is to be followed rather than a strict adherence to the letter. 1 Black. Com. 60; 1 Kent's do. 460; 6 Bac. Abr. 384, 391. *Richards* v. *Daggett*, 4 Mass. 534; *Gibson* v. *Jenney*, 15 do. 205; *Whitney* v. *Whitney*, 14 do. 90, 92; *Sickles* v. *Sharp*, 13 Johns. 497; *The People* v. *Utica Ins. Co.* 15 do. 380; *Jackson, &c.* v. *Collins*, 3 Cowen, 89.

The Opinion of the Court was delivered by

THOMAS, J. The defendant in error brought his action of *replevin* against the plaintiff in error, in the Madison Circuit Court.

The defendant, for pleas, avowed the taking of the goods, chattels, &c. by him as Sheriff of the said County, by virtue of a writ of Attachment, issued from the office of the Clerk of the Circuit Court of the said County, at the suit of one George Pomroy, and against the estate, &c. of one Edward Smith; and also pleaded property in the goods, chattels, &c. attached, in the said Edward Smith.

The plaintiff replied, that the said goods, chattels, &c. were the property of him, the said plaintiff, and not of the said Edward Smith. A jury was impanneled to try the issue formed on this replication, who found a verdict for the plaintiff. A motion was made by the defendant for a new trial, and over-ruled by the Court, and thereupon judgment was rendered for the plaintiff on the verdict.

The defendant prosecutes his writ of error for the reversal of that judgment.

It appears from a bill of exceptions taken and filed during the progress of the trial, that the plaintiff claimed the property replevied, under a sale to him by the said Edward Smith, the defendant in the attachment pleaded by the defendant in this suit, and offered to introduce the said Edward Smith as a witness to prove said sale. The defendant objected to the competency of the said Smith, as a witness for that purpose, but the Court overruled the objection, and permitted him to be sworn and testify. This opinion of the Court was excepted to, and is now assigned for error, as is also the order of the Court overruling the defendant's motion for a new trial.

The counsel for the plaintiff in error, admitting the competency of the witness on common law principles, nevertheless insists that the rule of evidence governing in such cases, has been so changed by statutory provision as to render him incompetent.

The provision of the law relied upon as excluding the witness, is found in the law entitled " *An Act to amend an Act regulating the mode of trying the Right of Property*," approved January 30, 1835, Gale's Stat. 588, and is as follows, viz : " In no case of the trial of the right of property under this Act, or the Act to which this is an amendment,

Miller *v.* Dobson.

shall the defendant in execution be a competent witness."
This language, it will be perceived, confines the operation of
that rule of evidence settled by it, to cases arising under the
Act in which it is used, and the Act to which it is an amend-
ment; it therefore cannot be extended by construction to
cases arising under any other statute. If it would admit of
construction, we would not hesitate so to extend it as to make
it reach this case. But it cannot; it would do violence to
the language used, to say that the legislature, when express-
ly limiting the operation of the rule prescribed by them to
certain specified cases, nevertheless intended to make it ex-
tend to, and comprehend others, not within the defined limits.
The Court below, in this particular, consequently did not err.

The assignment of errors questioning the correctness of the
opinion of the Court, overruling the motion for a new trial
cannot here be inquired into, as no exception appears to have
been taken to it in the Court below, Gale's Stat. 540; but
if that opinion could be here revised, no reason is apparent to
my mind, why the verdict should have been disturbed.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*